UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY BRIAN BRUMBAUGH

    Plaintiff,

v.                                     Case No.:  2:25-cv-971-SPC-DNF

KATHLEEN FITZGEORGE,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Jeremy Brian Brumbaugh's Complaint (Doc. 1).  Brumbaugh, a pretrial detainee in Lee County Jail, is a defendant in a pending state criminal case, and he sues his public defender under 42 U.S.C. § 1983.  Brumbaugh seeks to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2).

To state a § 1983 claim, Brumbaugh "must allege that a person acting under color of state law deprived him of a federal right."  *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018).  Brumbaugh alleges public defender Kathleen Fitzgeorge is not providing him adequate legal representation.  State-appointed attorneys are not state actors under § 1983.

*Id.* at 820 (citing *Vermont v. Brillon*, 556 U.S. 81 (2009)). Because Fitzgeorge is not a state actor, Brumbaugh cannot sue her under § 1983.

Also, while Brumbaugh does not request a particular remedy, he seemingly asks the Court to intervene in his state criminal case. Federal Courts are not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Brumbaugh provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine.

The state criminal court is the proper place to raise concerns about his legal representation. If Brumbaugh is convicted, he may collaterally attack any resulting incarceration by filing a petition for a writ of habeas corpus after exhausting his claims in state court. But his dissatisfaction with the public defender cannot support a § 1983 claim. The Court will dismiss this action, and because amendment would be futile, close the case.

Accordingly, it is now

**ORDERED:**

Plaintiff Jeremy Brian Brumbaugh's Complaint (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 12, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record